

FILED

FEB 19 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| WILLIAM L. BROWN,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN,<br><br>Respondent. | Cause No. CV 19-01-BU-BMM-JCL<br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se Petitioner William L. Brown's application for writ of habeas corpus under 28 U.S.C. § 2254. On January 15, 2019, Brown was ordered to show cause as to why his petition should not be dismissed as time-barred and procedurally defaulted and was advised of the ways in which he might make such a showing. See generally, (Doc. 7.) Brown timely responded. (Doc. 9.) Because Brown has failed to make the requisite showing to set aside the procedural bars, his petition will be recommended for dismissal with prejudice.

**I. Procedural History**

Following a jury trial in Montana's Third Judicial District, Brown was sentenced in 2002 to a 110-years in the Montana State Prison for for deliberate

1

homicide and use of a weapon. (Doc. 6 at 1, ¶¶ 1-4; 6.) Brown timely filed a direct appeal. *Id.* at, ¶ 8.

On June 19, 2003, the Montana Supreme Court confirmed Brown's convictions. See, *State v. Brown*, 2003 MT 166, 316 Mont. 310, 71 P. 3d 1215. Brown did not file petition for certiorari in the United States Supreme Court nor did he seek postconviction relief in the state district court. (Doc. 6 at 3, ¶¶ 10-11.) Accordingly, for purposes of federal review, Brown's conviction was final on Wednesday, September 17, 2003. See, 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe*, 118 F. 3d 1157, 1159 (9th Cir. 1999); *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987).

On November 19, 2018, Brown filed a petition for writ of habeas corpus in the Montana Supreme Court. See, *Brown v. Guyer*, OP 18-0655, Pet. (filed Nov. 19, 2018).[1] Brown argued the district court violated his right against self-incrimination and contended that because he chose to remain silent, the court in imposing an unduly harsh sentence, violated his right to due process. *Brown v. Guyer*, OP 18-0655, Or. at 2 (Mont. Nov. 28, 2018).[2] The Montana Supreme Court did not address the merits of Brown's petition finding that it was untimely

---

[1] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed January 15, 2019).
[2] These are the same claims Brown attempt to advance in his pending petition before this Court. See e.g., (Doc. 6 at 3, ¶ 15(A)); (Doc. 1 at 2-4.)

2

and procedurally barred under Mont. Code Ann. § 46-22-101(1). *Id.*

Brown filed his petition in this Court on December 15, 2018.[3] Brown was subsequently advised that his petition was filed more than fourteen years too late and that his claims were procedurally defaulted because the Montana Supreme Court had not considered the merits of his claims under federal law. (Doc. 7 at 3-5.) Brown was directed to show cause as to why his petition should not be dismissed.

## II. Brown's Response

Brown initially cites to 28 U.S.C. § 2244(a) and argues that because he has never been able to file any challenge to the purported unconstitutional acts of the state district court, this Court must entertain his application. See, (Doc. 9 at 1-2.) Brown then cites to 28 U.S.C. §2255 and argues that because he is asserting a violation of the United States Constitution, this Court must hear his claims. *Id.* at 2. Finally, Brown states that, pursuant to §2255(f)(4), there was no way through the exercise of due diligence that he could have discovered the facts underlying his claim, because he is unlearned in the law. *Id.* Brown explains that it was only after "years of research, learning, and talking with other inmates who possessed more knowledge of the law [than] himself" that he was able to realize and

---

[3] Pro se prisoner's petition deemed filed at the time it is delivered to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

appreciate the constitutional violation that had occurred. *Id.* Brown states that as soon as he became aware of the violation, he filed his petition. *Id.* Brown does not dispute that his petition is untimely or that his claims are procedurally defaulted, rather he urges this Court to consider his claim in the interest of justice. *Id.*

### III. Analysis

As a preliminary matter, 28 U.S.C. § 2244(a), is a provision dealing with second or successive petitions. By Brown's own acknowledgment, prior to the present action, he has never filed an application for habeas corpus relief in this Court. Thus, § 2244(a) is inapplicable to him. Likewise, Brown references 28 U.S.C. §2255. But, that section applies only to individuals in federal custody. Because Brown is in state custody, §2255 also does not apply.

There is, however, a corresponding federal provision, 28 U.S.C. §2254, that protects Brown, as a state prisoner, from constitutional violations. That is the statutory provision under which Brown has filed his petition. See e.g., (Doc. 6 at 1.) But, even though Brown, like all state prisoners, has a right to raise a federal constitutional challenge, he still must comply with jurisdictional and procedural requirements, including proper exhaustion and filing deadlines.

A petitioner may escape statutory filing deadlines if he can show he has been pursuing his rights diligently, but an extraordinary circumstance stood in his way and prevented timely filing. See, *Holland v. Florida*, 560 U.S. 631, 649 (2010).

4

As a preliminary matter, Brown has failed to show that he acted with the requisite diligence. While he may not have been able to articulate the exact constitutional violation he attempted to assert, Brown acknowledges that he "knew in his gut" that something was wrong. See, (Doc. 9 at 2.) Brown was present for the sentencing hearing in January of 2002 during which he alleges the district court increased his sentence for his failure to show remorse. Brown admits he knew something was wrong following this proceeding, but then failed to act for over fourteen years. Brown has provided no explanation for this lack of diligence.

To the extent that Brown seems to argue that his alleged lack of legal sophistication and/or legal assistance constitute an "extraordinary circumstance" to warrant equitable tolling of the limitations period, the argument lacks merit. See, *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, at 1013 n. 4 (9th Cir.)(cert denied, 558 U.S. 897 (2009) ("we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"(citation omitted); *Ford v. Piler*, 590 F. 3d 782, 789 (9th Cir. 2009); see also, *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006) (a petitioner's pro se status, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling).

Likewise, Brown cannot use his lack of legal sophistication or ignorance of

5

the law to establish cause to set aside the procedural default of his claims. A procedurally defaulted claim may be excused and subject to federal review if the petitioner can show "cause and prejudice" for the failure to exhaust.[4] *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986). To establish cause, a petitioner must show that an external impediment rendered him unable to comply with a state procedural rule. *Carrier*, 477 U.S. at 488. But, ignorance of the law is insufficient to satisfy the "cause" standard. See, *Hughes v. Idaho Bd. of Corr.*, 800 F. 2d 905, 909 (9th Cir. 1986); *Tacho v. Martinez*, 862 F. 2d 1376 (9th Cir. 1988); see also, *Schneider v. McDaniel*, 674 1144, 1153-54 (9th Cir. 2012)(petitioner's mental condition cannot serve as cause for a procedural default when the petition on his own or with assistance is able to apply for post-conviction review in a state court). While Brown has argued that he did not appreciate the legal claims he could have made until over a decade had passed following his conviction, he has failed to demonstrate that he was unable to make the claims. Because Brown has not established cause to excuse the default, the Court need not consider prejudice. *United States v. Frady*, 456 U.S. 152, 168 (1982).

Brown's petition should be dismissed with prejudice; it is time-barred and

---

[4] A petitioner may also seek to excuse his procedural default by demonstrating actual innocence, see, *Schlup v. Delo*, 513 U.S. 298 (1995), but Brown has not advanced such a claim.

procedurally defaulted without excuse.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Brown has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is both time-barred and procedurally defaulted, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

7

## RECOMMENDATION

1. The Amended Petition (Doc. 6) should be DISMISSED with prejudice; it is both time-barred and procedurally defaulted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Brown may object to this Findings and Recommendation within 14 days.[5] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Brown must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 19th day of February, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Brown is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.