# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| WILLIAM L. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES SALMONSEN,<br><br>Respondent. | **CV-19-01-BU-BMM-JCL**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Petitioner William L. Brown ("Mr. Brown"), a state prisoner proceeding without counsel, alleges that his constitutional rights were violated when the Montana Third Judicial District imposed "an unduly harsh sentence." (Doc. 10 at 2). Mr. Brown appealed his conviction to the Montana Supreme Court. The Montana Supreme Court confirmed Brown's conviction on June 19, 2003. *See State v. Brown*, 2003 MT 166, 316 Mont. 310, 71 P.3d 1215

Brown filed a petition for writ of habeas corpus with the Montana Supreme Court on November 19, 2018. (Doc. 10 at 2). Mr. Brown claimed that the district court violated his right against self-incrimination and due process. Mr. Brown argued the violation occurred when he chose to remain silent and the court found he lacked remorse, subsequently imposing a harsher sentence. *Brown v. Guyer*,

1

OP 18-0655, Or. At 2 (Mont. Nov. 28, 2018). The Montana Supreme Court did not address the merits of Mr. Brown's petition, finding that the petition was untimely and procedurally barred pursuant to Mont. Code. Ann. § 46-22-101(1). *Id.* Mr. Brown subsequently filed this petition on December 15, 2018. (Doc. 10 at 3). The Court advised Mr. Brown that his petition was filed more than fourteen years too late and that his claims were defaulted because the Montana Supreme Court refused to consider the merits of his claims under federal law. (Doc. 7 at 3-5). The Court directed Mr. Brown to show cause as to why his petition should not be dismissed. (Doc. 10 at 3).

Mr. Brown argued that he was unable to file a challenge because he is unlearned in the law. (Doc. 9 at 1-2). Mr. Brown argued further that it was only after "years of research, learning, and talking with other inmates" he was able to appreciate the constitutional violation that had occurred. *Id.* Mr. Brown stated that as soon as he became aware of the alleged violation, he filed his petition. *Id.*

The United States Magistrate Judge Lynch entered Findings and Recommendations in this matter on February 19, 2019. (Doc. 10). Judge Lynch recommended that this matter be dismissed with prejudice because the petition is both time-barred and procedurally defaulted. *Id.* at 8. Mr. Brown timely filed objections to Magistrate Judge Lynch's Findings and Recommendations. (Doc. 11).

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response, however, the Court will review for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Mr. Brown timely filed his objections. (Doc. 11). Mr. Brown argues that his constitutional claims should not be time-barred because the alleged violations prove serious and thus fall under the miscarriage of justice exception. *Id.* at 2. Judge Lynch explained previously that a petitioner may escape statutory filing deadlines only if he can show that he has been pursuing his rights diligently, but an extraordinary circumstance stood in his way. *Id.* at 4; *see Holland v. Florida*, 560 U.S. 631, 649 (2010). The lack of legal knowledge, sophistication or assistance fail to constitute the extraordinary circumstances sufficient to warrant equitable tolling of the limitations period. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 9th Cir. 2006).

These objections attempt to engage the Court in a debate of the same arguments that Judge Lynch addressed in his Findings and Recommendations. (Doc. 10). Mr. Brown's objections simply restate what Judge Lynch already addressed and the Court finds no clear error in Judge Lynch's Findings and Recommendations. *Id.*

## ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 10) are **ADOPTED IN FULL**.

**IT IS ORDERED** that the Amended Petition (Doc. 6) is **DISMISSED** with prejudice because it is both time-barred and procedurally defaulted.

The Clerk of the Court is directed to close this matter and enter judgement in favor of Respondent pursuant to Rule 58 of the Federal Rules of Civil Procedure.

A certificate of appealability is **DENIED**.

DATED this 12th day of March, 2019.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge